IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRELL RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| | ) | JURY DEMAND |
| CITY OF CHICAGO; DETECTIVE ARTHUR | ) | |
| TARASZKIEWICZ, Star 21183; DETECTIVE | ) | |
| JUAN MORALES, Star 20741; DETECTIVE | ) | |
| PATRICK BROWN, Star 20982; DETECTIVE | ) | |
| HECTOR ALVAREZ, Star 21309; DETECTIVE | ) | |
| BRIAN TEDESCHI, Star 20243; DETECTIVE | ) | |
| MARK REGAL, Star 20592; DETECTIVE | ) | |
| EDWARD HEERDT, Star 20598; OFFICER | ) | |
| BRIAN DEJESUS, Star 6332; OFFICER | ) | |
| MATTHEW ROGUS, Star 17366; and | ) | |
| OFFICER BRIAN TUCKER, Star 12019, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

NOW COMES, the Plaintiff, JERRELL RUSSELL, by and through his attorneys, THE LAW OFFICE OF JASON M. MARX, LLC, and in complaining of DEFENDANTS CITY OF CHICAGO; DETECTIVE ARTHUR TARASZKIEWICZ, Star 21183; DETECTIVE JUAN MORALES, Star 20741; DETECTIVE PATRICK BROWN, Star 20982; DETECTIVE HECTOR ALVAREZ, Star 21309; DETECTIVE BRIAN TEDESCHI, Star 20243; DETECTIVE MARK REGAL, Star 20592; DETECTIVE EDWARD HEERDT, Star 20598; OFFICER BRIAN DEJESUS, Star 6332; OFFICER MATTHEW ROGUS, Star 17366; and OFFICER BRIAN TUCKER, Star 12019, states as follows:

1

## INTRODUCTION

1. This is an action for civil damages brought under 42 U.S.C. § 1983 for deprivation of PLAINTIFF'S constitutional rights.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

4. PLAINTIFF is an individual who at all times relevant hereto was present in the Northern District of Illinois.

5. DEFENDANTS DETECTIVE ARTHUR TARASZKIEWICZ, Star 21183; DETECTIVE JUAN MORALES, Star 20741; DETECTIVE PATRICK BROWN, Star 20982; DETECTIVE HECTOR ALVAREZ, Star 21309; DETECTIVE BRIAN TEDESCHI, Star 20243; DETECTIVE MARK REGAL, Star 20592; DETECTIVE EDWARD HEERDT, Star 20598; OFFICER BRIAN DEJESUS, Star 6332; OFFICER MATTHEW ROGUS, Star 17366; and OFFICER BRIAN TUCKER, Star 12019, (collectively "DEFENDANT OFFICERS") were at all times material hereto, duly appointed agents employed by DEFENDANT CITY OF CHICAGO ("DEFENDANT CITY") acting in the capacity of sworn law enforcement officials.

6. DEFENDANT CITY at all relevant times was an Illinois Municipal Corporation, duly chartered and organized under the laws of the State of Illinois, located entirely within this judicial district.

## FACTUAL SUMMARY

7. On July 5, 2015, PLAINTIFF was at his residence located at 4628 N. Central Park Avenue, Chicago, Illinois with his family enjoying the 4th of July holiday.

8. While PLAINTIFF was at his residence, an individual shot and killed Jeremy Spivey, and shot and injured Jowan Akins, Marisol Claudio, and Adam Ocasio at 4458 N. Kimball Avenue, Chicago, Illinois.

9. On September 2, 2015, DEFENDANT OFFICERS arrested or caused PLAINTIFF to be arrested for first degree murder and aggravated battery by discharge of a firearm despite no evidence that PLAINTIFF had committed a crime.

10. DEFENDANT OFFICERS conspired to cover up their false arrest of PLAINTIFF by writing false narratives in official police reports, signing false criminal complaints, and providing false testimony.

11. DEFENDANT OFFICERS' misconduct also included conducting improper, coercive, and suggestive interview techniques which led witnesses to give statements implicating PLAINTIFF in the shootings. DEFENDANT OFFICERS knew said statements were false and said statements were used to detain PLAINTIFF.

12. On September 4, 2015, a Cook County Judge ordered that PLAINTIFF be given no bail.

13. Shortly thereafter, DEFENDANT TARASZKIEWICZ testified falsely before a grand jury, and as a result, PLAINTIFF was indicted on thirty-three felony offenses.

14. DEFENDANT OFFICERS' misconduct caused PLAINTIFF to be arrested, indicted, and detained in jail pending trial.

15. A trial was eventually conducted in which DEFENDANT OFFICERS provided false testimony.

16. PLAINTIFF'S trial concluded on February 19, 2019 in which PLAINTIFF was found not guilty of all criminal charges initiated and continued by DEFENDANT OFFICERS.

17. PLAINTIFF was in pretrial detention from September 2, 2015 to February 19, 2019.

18. PLAINTIFF'S pretrial detention and prosecution was unlawful.

19. As a direct and proximate result of the acts of DEFENDANT OFFICERS, PLAINTIFF suffered damages, including but not limited to, substantial mental distress and anguish.

### COUNT I– 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION

20. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

21. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

22. As outlined above, DEFENDANT OFFICERS detained PLAINTIFF without probable cause from September 2, 2015 to February 19, 2019 in violation of PLAINTIFF'S Fourth Amendment rights.

23. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, substantial mental distress and anguish.

## COUNT II - 42 U.S.C. § 1983 DUE PROCESS VIOLATION

24. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

25. A police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way. *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).

26. DEFENDANT OFFICERS deprived PLAINTIFF of his due process rights by, including but not limited to, conducting improper, coercive, and suggestive interview techniques which led witnesses to give statements implicating PLAINTIFF in the shootings. DEFENDANT OFFICERS knew said statements were false and said statements were used to detain PLAINTIFF.

27. Absent DEFENDANT OFFICERS' misconduct, the arrest, pretrial detainment, and prosecution of PLAINTIFF could not and would not have occurred.

28. The misconduct described in this count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of PLAINTIFF.

29. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, substantial mental distress and anguish.

## COUNT III– 42 U.S.C. § 1983 CONSPIRACY

30. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

31. DEFENDANT OFFICERS conspired with each other to file false police reports, file false criminal complaints, and institute false criminal charges against PLAINTIFF.

32. DEFENDANT OFFICERS acted in concert with each other to deprive PLAINTIFF of his rights as guaranteed by the United States Constitution and under Illinois law.

33. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness, and reckless indifference to the rights of PLAINTIFF.

34. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, substantial mental distress and anguish.

### COUNT IV– ILLINOIS STATE LAW MALICIOUS PROSECUTION

35. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

36. PLAINTIFF was improperly subject to judicial proceedings without probable cause. These judicial proceedings were instituted and continued by DEFENDANT OFFICERS maliciously, resulting in injury, and all such proceedings were terminated in favor of PLAINTIFF.

37. DEFENDANT OFFICERS accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence, made false police reports, signed false criminal complaints, and gave false testimony with the intent of exerting influence to institute and continue judicial proceedings.

38. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of PLAINTIFF.

39. DEFENDANT OFFICERS are or were employees of DEFENDANT CITY and acted within the scope of their employment in committing the misconduct described herein such that DEFENDANT CITY is liable for their actions.

40. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, substantial mental distress and anguish.

## COUNT V-ILLINOIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

42. DEFENDANT OFFICERS' misconduct, outlined above, was extreme and outrageous. DEFENDANT OFFICERS' actions were rooted in an abuse of power and authority, and they were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

43. The misconduct described in this Count was undertaken with intent, malice, willfulness, wantonness, and reckless indifference to the rights of PLAINTIFF such that the DEFENDANT OFFICERS' actions shock the conscience.

44. DEFENDANT OFFICERS are or were employees of DEFENDANT CITY and acted within the scope of their employment in committing the misconduct described herein such that DEFENDANT CITY is liable for their actions.

45. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, substantial mental distress and anguish.

## COUNT VI–INDEMNIFICATION

46. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-19 above.

47. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT CITY is liable for any judgments for compensatory damages and attorneys' fees in this case arising from DEFENDANT OFFICERS' actions.

## REQUEST FOR RELIEF

PLAINTIFF JERRELL RUSSELL respectfully requests this Honorable Court:

a. Enter judgment in his favor and against all Defendants;

b. Award compensatory damages against all Defendants;

c. Award attorney's fees against all Defendants;

d. Award punitive damages against all Defendants; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF demands a trial by jury on all issues so triable.


Respectfully Submitted,

/s/ Jason Marx
JASON MARX
Attorney for PLAINTIFF
The Law Office of Jason M. Marx, LLC
180 N. Stetson Avenue, Suite 3500
Chicago, Illinois 60601
(312) 535-8355
Attorney No. 6279266

8